**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4404-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BASSEM Z. BESHAY,

     Defendant-Appellant.

_____

Submitted May 13, 2020 – Decided June 4, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. MA-2019-006.

Fusco & Macaluso LLC, attorneys for appellant (Amie E. DiCola, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bassem Z. Beshay appeals from a May 1, 2019 judgment of conviction for soliciting business, N.J.S.A. 32:1-146.6(1), and criminal trespass, N.J.S.A. 2C:18-3(b), resulting from his arrest at Newark Liberty International Airport on October 13, 2018. We affirm.

Defendant was charged with violating N.J.S.A. 32:1-146.6, which states: "(1) No person, unless duly authorized by the Port Authority, shall, in or upon any area, platform, stairway, station, waiting room or any other appurtenance of an air . . . terminal, owned or operated by the Port Authority, . . . (b) solicit any business or trade . . . ." He was also charged with violating N.J.S.A. 2C:18-3(b), which states: "Defiant trespasser. A person commits a petty disorderly persons offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by: (1) Actual communication to the actor."

A Newark Municipal Court judge, who attempted to take defendant's guilty plea, first addressed this matter in December 2018. However, after considering defendant's testimony and that of the arresting officer, the judge rejected defendant's plea because defendant's testimony was not "honest and truthful."

A trial ensued following the failed plea. The State adduced testimony from a Port Authority police sergeant who authenticated three prior warnings issued to defendant for criminal trespass dated March 30 and November 16, 2017 and October 10, 2018. The State also presented testimony from the arresting officer who stated she saw defendant ask four or five passengers if they needed a ride before she arrested him for unauthorized solicitation of business and criminal trespass. Defendant adduced testimony from a fact witness who claimed to be with defendant on the day of his arrest, which contradicted the officer's claims that defendant was soliciting business. Defendant was convicted, fined, and sentenced to a period of community service.

Defendant filed a de novo appeal in the Law Division and argued the municipal court judge should have recused himself, pursuant to Rule 1:12-1(d) and (g), because he expressed an opinion regarding defendant's veracity during the plea proceedings, which affected the outcome. Defendant also challenged the convictions on grounds the State failed to meet the burden of proof.

The trial judge rejected defendant's arguments and concluded recusal was unwarranted because the municipal court judge had the obligation to independently evaluate the facts as part of deciding whether to accept the plea. The trial judge also found there was no indication the municipal court judge was

biased, had an interest in the outcome of the case beyond its adjudication, or expressed his opinion on the matter in any context other than in the proceedings.

Regarding the charges, defendant argued the arresting officer's testimony was not credible because she gave differing accounts when she testified at the plea proceeding and later at the trial regarding the number of travelers she saw defendant solicit on the day of his arrest. Defendant also argued the arresting officer's testimony was unreliable because she did not recall that defendant's fact witness was with defendant and whether defendant was inside his vehicle or outside of it soliciting business when he was arrested.

The trial judge found defendant guilty of the charges. The judge rejected defendant's challenges to the arresting officer's testimony, finding it was possible she gave differing testimony yet remained credible because her testimony at the plea proceeding was "spontaneous and unprepared" as she was called to testify only after defendant struggled to give a factual basis. The judge found the discrepancy in the officer's recollection of the number of people defendant solicited in the airport irrelevant because the statute only required one violation to establish his guilt.

The judge concluded defendant was guilty of defiant trespass because the three warnings issued to him prior to his arrest advised he would be arrested if

he failed to comply, which proved he knew he was unauthorized to solicit business at the airport. The judge found defendant acknowledged receipt of the March 2017 warning by signing it and the warning contained his social security and driver's license numbers, address, and a photocopy of his driver's license. Although defendant refused to sign the November 2017 and October 2018 warnings, both notices contained the same data as the March 2017 notice and the judge concluded the testimony of the State's witness proved defendant was served with the warnings.

On this appeal, defendant raises the following points:

> POINT ONE – THE COURT SHOULD REVERSE THE [TRIAL JUDGE'S] DENIAL OF MR. BEHSAY'S MUNICIPAL APPEAL BECAUSE THE [MUNICIPAL COURT JUDGE] WAS REQUIRED TO RECUSE HIMSELF[ ]ON JANUARY 16, 2019 WHEN MR. BESHAY'S MATTER CAME BEFORE HIM FOR TRIAL, PURSUANT TO NEW JERSEY COURT RULE 1:12-1(d) and (g).
>
> POINT TWO – THE COURT SHOULD REVERSE THE [LAW DIVISION JUDGE'S] DENIAL OF MR. BEHSAY'S MUNICIPAL APPEAL BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROOF OF BEYOND A REASONABLE DOUBT WITH REGARD TO THE CHARGES OF CRIMINAL TRESPASS AND SOLICITATION FOR BUSINESS.

We review the Law Division judge's decision to determine whether there is sufficient credible evidence in the record to support it. State v. Johnson, 42

N.J. 146, 162 (1964). Unlike the trial court, which conducts a trial de novo on the record pursuant to Rule 3:23-8(a)(2), we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). Under the two-court rule, only "a very obvious and exceptional showing of error" will support setting aside the Law Division and municipal court's "concurrent findings of facts . . . ." Id. at 474. When issues on appeal turn on purely legal determinations, our review is plenary. State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). "We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). We defer to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

Having considered defendant's arguments in light of the credible evidence in the record, we conclude they are without merit. R. 2:11-3(e)(2). As the trial judge noted, there was no basis either in fact or law for the municipal court judge to recuse. The municipal court judge's role in deciding whether to accept or reject defendant's plea required the judge to "evaluate the facts, both admitted and debated, apply those facts that can be established to the law, and then test the plea agreement against the facts, the law, and the range of permissible sentences under the Code." State v. Madan, 366 N.J. Super. 98, 114 (App. Div.

A-4404-18T4

2004). Recusal was not mandated merely because the municipal court judge articulated his reasons for rejecting defendant's plea.

Defendant also contends even though the trial judge's review was de novo, he relied on the credibility findings of the municipal court judge. The record belies this claim because defendant did not testify at trial and his plea testimony was irrelevant at trial. Moreover, the trial judge adjudicated the matter independent of the municipal court judge's findings and concluded the State met the statutory elements for unauthorized solicitation at a Port Authority air terminal and defiant trespass. The trial judge's findings regarding the elements of the statutory offenses are unassailable and defendant's arguments to the contrary are unpersuasive.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4404-18T4